UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-415-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CARISSA EUGENIA BROWN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's two separate pro se Motions to Withdraw Guilty Plea. (Doc. Nos. 47, 70). The Court held an evidentiary hearing on the motions on November 14, 2022. Having considered the motions and reviewed the pleadings, the court enters the following Order.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant was charged by Bill of Information on December 1, 2020, with committing a wire fraud scheme to defraud debtors, 18 U.S.C. § 1343 (Count One), and money laundering, 18 U.S.C. § 1957 (Count Two). Defendant entered a signed Plea Agreement (Doc. No. 4) and Factual Basis (Doc. No. 5), on December 7, 2020. On December 11, 2020, a plea hearing was held before Magistrate Judge David Cayer. Magistrate Judge Cayer accepted the plea as knowing and voluntary. (Doc. No. 8). Defendant was released on bond. When Defendant entered her guilty plea, she was represented by attorney Samuel Randall. Defendant has gone through several attorneys since she pled guilty, and she is now representing herself, with standby counsel

Jennifer Coulter. Defendant has filed two pro se Motions to withdraw her guilty plea, filing her first motion on August 18, 2022, and her second one on November 4, 2022. (Doc. Nos. 47, 70). At the hearing on Defendant's motion to withdraw her guilty plea, counsel Randall and Defendant both testified.

## II. Applicable Standard

The Federal Rules of Criminal Procedure the court may permit withdrawal of a plea of guilty upon a showing by the defendant of "any fair and just reason" for doing so. FED. R. CRIM. P. 32. There is no "absolute right" to withdraw a guilty plea, and the district court has discretion as to whether "a fair and just reason exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (citations omitted).

In making its determination, the court recognizes that the "most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Id. (citation omitted). Accordingly, the Fourth Circuit has noted that a district court's inquiry into a plea withdrawal motion is "ordinarily confined to whether the underlying plea was both counseled and voluntary," which would mean that the plea was "an admission of all the elements of a formal criminal charge" and constituted "an admission of all material facts alleged in the charge." Id. (quotations and citations omitted).

An appropriately conducted Rule 11 hearing creates a "strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). The court finds here that the Rule 11 hearing was conducted appropriately. The defendant must rebut this strong presumption and has the burden of showing a fair and just reason for withdrawal. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted).

-2-

To guide the court in considering a defendant's plea withdrawal motion, the Fourth Circuit has articulated a six-factor, non-exclusive list for consideration:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also Bowman, 348 F.3d at 414

### III.  Discussion

While Moore's six-factors are non-exclusive, it is helpful to guide the court's review of this Motion. As such, each of the Moore factors will be reviewed *seriatim* below.

#### A. Defendant does not offer credible evidence that her plea was not knowing or not voluntary

Defendant asserts that her guilty plea was not knowing or voluntary. In particular, Defendant claims that she was suffering from severe anxiety and post-partum depression when she pled guilty. (Doc. No. 70 at 2). She also asserts that she had been diagnosed with bipolar disorder. (Id.). She further argues that counsel did not adequately review the plea agreement with her and that he "failed to advise of civil rights that were being waived." (Id. at 3). Furthermore, she testified at the evidentiary hearing that she did not remember signing the plea agreement.

The Court has reviewed the Rule 11 colloquy and reviewed the transcript. The record reflects numerous consultations between Defendant and counsel. Moreover, during the Rule 11 colloquy, Defendant answered affirmatively that her mind was clear and noted that she was not under the influence of any alcohol or drugs at the time of the hearing. Defendant also expressed

-3-

Case 3:20-cr-00415-MOC-DCK   Document 80   Filed 12/13/22   Page 3 of 7

that she had enough time to discuss potential defenses with her attorney and she stated that she was satisfied with the services rendered by her attorney. At no time during her plea hearing did Defendant argue that she was suffering from any mental issues that would have rendered her incompetent to plead guilty. The Court finds that Defendant's assertions of incompetence are simply not credible.

### B. Defendant does not offer a credible assertion of legal innocence

Turning to the second Moore factor, Defendant does not assert that she is innocent. Rather, she asserted that she did not remember committing the crimes for which she pled guilty. A defendant's burden under this Moore factor is to present evidence that "(1) has the quality or power of inspiring belief, and (2) tends to defeat the elements in the government's *prima facie* case or to make out a successful affirmative defense." United States v. Thompson-Riviere, 561 F.3d 345, 353 (4th Cir. 2009) (citations and quotations omitted). Conclusory allegations do not provide such evidence. See United States v. Wells, No. 94-5666, 1996 WL 174631 (4th Cir. 1996) ("…the mere allegation of innocence, without any new evidentiary support, is not entitled to much weight.").

At the Rule 11 hearing, Magistrate Judge Cayer asked whether Defendant was actually guilty of the counts to which she had pled; Defendant responded "yes." Providing conclusory statements later do not amount a credible assertion of legal innocence. See Bowman, 348 F.3d at 415 (finding that a later statement that the defendant had "lied" during the Rule 11 hearing unpersuasive).

In sum, Defendant has not credibly asserted her legal innocence sufficiently as to persuade the Court to overcome the strong presumption in favor of her sworn statements at her

-4-

Rule 11 hearing. Accordingly, this Moore factor weighs against allowing Defendant to withdraw her guilty plea.

### C. The delay between the entering of the plea and the filing of the motion militates against withdrawal

The plea was entered on December 11, 2021. Defendant did not file her first motion to withdraw her plea until more than eight months later, on August 18, 2022. The period of delay militates against withdrawal. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (finding that an eight-week delay between the plea and the motion to withdraw it supported a finding against withdrawal). Accordingly, this Moore factor weighs against allowing Defendant to withdraw her guilty plea.

### D. Counsel's performance did not fall below an objective standard of reasonableness

In examining the assistance of competent counsel under Moore, the defendant has the burden to demonstrate whether "(1) counsel's performance fell below an objective standard of reasonableness and (2) that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Bowman, 348 F.3d at 416 (citations and quotations omitted). The court's inquiry asks if counsel "was reasonable under prevailing professional norms, and in light of the circumstances." Id. (citations and quotations omitted).

Defendant contends that her prior counsel failed to meet prevailing professional norms, including not explaining the plea agreement sufficiently. The Court finds no indication that counsel's performance fell below an objective standard of reasonableness. To the contrary, it

-5-

Case 3:20-cr-00415-MOC-DCK   Document 80   Filed 12/13/22   Page 5 of 7

appears that counsel ably and competently represented Defendant during plea negotiations with the Government. This Moore factor militates against allowing Defendant to withdraw her guilty plea.

### E. Withdrawal and its potential to cause prejudice to the government and inconvenience the court

In evaluating the fifth and sixth Moore factors, the Court's inquiry asks whether the defendant can show that the magnitudes of prejudice and inconvenience are small. See United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). The Court notes that "withdrawal of a guilty plea almost invariably prejudices the government to some extent." Id.

The Court finds that the prejudice and inconvenience to the Government caused by the withdrawal would be small. The defendant need not demonstrate that such prejudice or inconvenience was non-existent, only that it would be small. Sparks, 67 F.3d at 1154. Accordingly, these Moore factors weigh in favor of allowing withdrawal.

### IV. Conclusion

Upon review of the six, non-exclusive Moore factors, the Court finds that more factors disfavor allowing Defendant to withdraw her guilty plea. Accordingly, the Court will deny Defendant's motions seeking to withdraw her plea.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motions to Withdraw her Guilty Plea, (Doc. Nos. 47, 70) are **DENIED**.

Signed: December 13, 2022

Max O. Cogburn Jr
United States District Judge