UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-415-MOC-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CARISSA EUGENIA BROWN, | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se motion to reduce sentence under 18 U.S.C. § 3582. (Doc. No. 130). Because Defendant has failed to show extraordinary and compelling reasons that justify sentence reduction in this case, the Court will deny her motion.

### I. Background

In December 2020, the Government charged Defendant by bill of information with wire fraud and money laundering in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1957. (Doc. No. 1). Defendant plead guilty to both counts, and her plea was accepted by Magistrate Judge David S. Cayer. (Doc. No. 8). Defendant subsequently moved to withdraw her guilty plea, and this Court denied her motion. (Doc. No. 80).

The probation office submitted a presentence report calculating a total offense level of 22 and criminal history score of I. (Doc. No. 20). Based on her offense level and criminal history score, the probation office recommended a sentence of 41 months imprisonment (Doc. No. 21). The Court sentenced Defendant to 54 months imprisonment and three years' supervised release on each count, to be served concurrently. (Doc. No. 116). Defendant now asks the Court to

reduce her sentence under 18 U.S.C. § 3582. (Doc. No. 130).

II. Legal Standard

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

### III. Analysis

Here, Defendant's pro se motion does not identify any extraordinary and compelling reasons that warrant sentence reduction. (Doc. No. 130). Absent such a showing, the Court remains convinced that the sentence imposed is justified by the 18 U.S.C. § 3553(a) factors, especially the need to promote respect for the law, provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Therefore, the Defendant's motion will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence under 18 U.S.C. § 3582 (Doc. No. 130) is **DENIED**.

Signed: April 26, 2024

Max O. Cogburn Jr
United States District Judge